Miguel Fidel SILVA–PEREZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76089.

Agency No. A77–165–583.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.[*]

Decided Dec. 14, 2005.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Norah Ascoli Schwarz, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM [**]

Miguel Fidel Silva–Perez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA")

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dismissing his appeal from an Immigration Judge's removal order and denying his motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review questions of law de novo, *Shivaraman v. Ashcroft*, 360 F.3d 1142, 1145 (9th Cir.2004), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). We dismiss the petition for review in part and deny it in part.

We lack jurisdiction to review Silva's contention that the BIA has incorrectly interpreted the cancellation of removal statute, because he failed to exhaust this contention before the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004).

The BIA did not abuse its discretion in denying Silva's motion to remand because Silva's motion did not demonstrate his prima facie eligibility for any of the relief that he sought. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987).

To the extent Silva's motion to remand included an ineffective assistance of counsel claim, the BIA also properly denied the motion. Because Silva did not establish he was denied a plausible ground for relief, he could not demonstrate prejudice. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 828 (9th Cir.2003).

All remaining contentions are unpersuasive.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.